"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| DEMETRIAN SMITH, | ) | Case No. CV 05-02362 (MLG) |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

I. **Procedural and Factual History**

Plaintiff Demetrian Smith ("Plaintiff"), a 49 year-old woman, seeks review of the Commissioner's final decision denying her application for Supplemental Security Income benefits("SSI"). In accordance with the Court's Case Management Order, the parties have filed a joint stipulation ("JS") of disputed issues. The matter is ready for decision.

Plaintiff applied for SSI on March 1, 2000, alleging disability beginning September 30, 1998, due to low back and right knee injuries, arthritis, and manic depression. (AR at 77, 80-81). She is a high

school graduate and has work experience as a telemarketer, assembler and home companion, none of which constitutes substantial gainful activity. (AR at 103, 143, 404-07).

On initial review, the Disability Determination Service ("DDS") consultant assigned Plaintiff a medium residual functional capacity ("RFC"), postural limitations of occasional stooping, kneeling and crawling, and environmental limitations requiring avoidance of fumes, odors, dusts, gases, and poor ventilation. (AR at 208-09, 211). Plaintiff was denied benefits on "durational" grounds on July 10, 2000 because her mental impairment was not expected to remain disabling for the required minimum of twelve months. (AR at 149-52, 44-47).

Plaintiff submitted a request for reconsideration and benefits were again denied. (AR at 48-49, 215-16). Plaintiff then submitted a request for a hearing, contending that her condition had been disabling for more than twelve months. (AR at 55). Administrative Law Judge ("ALJ") Earl J. Waits held an initial hearing on September 20, 2001 and a followup hearing on May 16, 2002, after continuing the matter in order to obtain additional evidence. (AR at 496-532). On June 17, 2002, ALJ Waits issued an unfavorable decision, finding Plaintiff capable of performing a significant range of light work. (AR at 369-77). On April 15, 2003, in response to Plaintiff's Request for Review, the Appeals Council vacated the decision and remanded the matter. (AR at 381-83). ALJ Waits began a new administrative hearing on December 18, 2003, which was continued. On May 11, 2004, ALJ Zane A. Lang completed the hearing. (AR at 533-99). During the December 2003 hearing, Plaintiff, represented by counsel, testified briefly (AR at 557). Franklin Drucker, M.D., testified as a medical expert (AR at 536-54) and Heidi Paul appeared as a Vocational Expert ("VE"), but did not testify (AR at 533).

1 The ALJ continued the hearing in response to Plaintiff's request that
2 Gustavo Vintas, M.D., testify by telephone. (AR at 557-59).
3   During the May hearing, Plaintiff, represented by counsel,
4 testified (AR at 565-81); Lowanna Maxwell, Plaintiff's friend testified
5 as a lay witness (AR at 581-90); and Lynn Tracy, M.A., testified as a
6 vocational expert (AR at 590-98). Dr. Vintas did not appear or testify,
7 but he submitted a Mental Assessment form. (AR at 482-85). On June 22,
8 2004, ALJ Lang denied benefits, finding that Plaintiff had the RFC to
9 perform a significant range of medium work. (AR at 24-36). On January
10 31, 2005, the Appeals Council affirmed the ALJ's decision and Plaintiff
11 timely commenced this action. (AR at 8-12).
12   Plaintiff stipulates that the decision of the ALJ fairly and
13 accurately summarizes the written medical evidence in the record, but
14 does not fairly and accurately summarize the testimony. (JS at 5). The
15 Commissioner stipulates that the ALJ's decision fairly and accurately
16 summarizes the material medical evidence and testimony of record. (JS
17 at 5-6).
18   Plaintiff contends that the ALJ erroneously: (1) rejected the
19 opinions of treating and examining physician opinions and failed to
20 provide a sufficient rationale for his rejection; (2) found the
21 testimony of Plaintiff and her friend not credible; and (3) relied upon
22 the responses of the VE to an incomplete hypothetical question. The
23 Commissioner disagrees.
24 \\
25 \\
26 \\
27 \\
28 \\

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's first contention to be meritorious and remands this matter for the reasons expressed below.[1]

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-21.

---

[1] As noted above, Plaintiff also challenges the ALJ's determinations regarding the credibility of Plaintiff and her friend as well as the propriety of the hypothetical posed to the vocational expert. Because the ALJ erred by failing to explain why he disregarded the opinions of the treating physician and the examining physician, the Court does not reach these remaining issues and will not decide whether these issues would independently require reversal. However, the Court recommends that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.

**III. Discussion and Analysis**

Plaintiff contends that the ALJ improperly rejected the opinions of the treating physician and the examining physician. This claim is meritorious. If the opinion of a treating or examining physician is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Id.*

Here, the ALJ rejected the opinions of treating and examining physicians and failed to explain why he rejected these opinions. Generally, the ALJ's decision consisted of summaries of medical opinions with little or no discussion. He did not include a discussion about how the medical opinion affected his decision. The only indication that he relied upon or rejected a medical opinion was a single sentence stating: "This opinion is consistent with the conclusion reached in this decision." (AR at 28-31). This does not adequately explain why he rejected certain opinions.

For example, on February 2, 2000, the Parole Outpatient Clinic ("POC") diagnosed Plaintiff with major depressive disorder. (AR at 165). Ira Frank, M.D., noted that Plaintiff had a long history of depression, that she had been suicidal two years prior to the exam at which time she overdosed on a mixture of street drugs, and that she had difficulty sleeping due to "demon-like nightmares." (AR at 165). Dr. Frank renewed Plaintiff's prescriptions, which she claimed helped her symptoms. (AR at 165-67). Although the ALJ summarized this opinion, he failed to discuss his reasons for rejecting these findings.

\\

In the POC Initial Psychiatric Evaluation, dated October 13, 2000, Kosta Stojanovich, M.D., diagnosed Plaintiff with dysthymic disorder and assigned Plaintiff a Global Assessment of Functioning ("GAF") of 40-42.[2] (AR at 218). Dr. Stojanovich noted that Plaintiff had very poor eye contact, that she was restless, and that she "found it very difficult to perform in the abstract range." (AR at 218). He also found her affect to be "somewhat flattened and depressed" and her mood "slightly anxious and depressed" despite Plaintiff's report that she did not feel depressed at the time of the examination. (AR at 218). He further noted that Plaintiff required medication and that her success on parole hinged on "being in a structured setting...and in her continuing with [the] rehabilitative process." (AR at 218).

The ALJ summarized this opinion, but failed to adequately discuss his decision to weigh Dr. Stojanovich's opinion as he did. He merely stated that: "[t]hese limitations have been considered, and the residual functional capacity, as determined in this decision, does include limitations which show that the claimant's difficulties have not been

---

[2] The *Diagnostic and Statistical Manual of Mental Disorders* defines different GAF scores as follows:

   31-40:  Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoid friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school).

   41-50:  Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job).

Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed., text rev. 2000).

totally disregarded or rejected." (AR at 27). Furthermore, the ALJ rejected Plaintiff's low GAF score and, without citing specific sources, stated that: "[t]he low GAF rating appears to be in light of the claimant's recent release from incarceration and being on parole, as well as her history of alcohol and drug abuse." (AR at 27).

In the September 4, 2001 Adult Initial Assessment form from Downtown Mental Health Center Plaintiff was assigned a GAF of 40 and diagnosed with major depression. (AR at 263). Mood was anxious, concentration impaired, and judgment and insight were minimally intact. (AR at 262). Treatment notes dated September 11, 2001, diagnose Plaintiff with severe chronic depression. (AR at 257). The ALJ dismissed the Adult Initial Assessment, concluding that it was not completed by a physician because the signature was illegible and that it was not supported by the evidence. (AR at 29). He failed to mention or discuss the diagnosis of severe chronic depression.

The Court finds that the ALJ failed to provide either clear and convincing reasons or specific and legitimate reasons supported by substantial evidence in the record to explain his decision to reject the opinions of the treating physician and the examining physician. Although the ALJ fairly and accurately summarized the medical opinions, he provides no explanation as to why he rejected the opinions. The ALJ merely states that "[t]he record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision...." (AR at 33). The ALJ's decision to reject these opinions is neither clear and convincing nor substantially supported. Accordingly, this case is to be remanded for further proceedings.

\\

1  The decision whether to remand for further proceedings is within
2 this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th
3 Cir. 2000). Where no useful purpose would be served by further
4 administrative proceedings, or where the record has been fully
5 developed, it is appropriate to exercise this discretion to direct an
6 immediate award of benefits. *Id*. at 1179 ("the decision of whether to
7 remand for further proceedings turns upon the likely utility of such
8 proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).
9 However, where there are outstanding issues that must be resolved before
10 a determination of disability can be made, and it is not clear from the
11 record that the ALJ would be required to find the claimant disabled if
12 all the evidence were properly evaluated, remand is appropriate. *Bunnell*
13 *v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v.*
14 *Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for
15 reconsideration of credibility determination).

16  Here, there are outstanding issues that must be resolved before a
17 determination of disability can be made because the ALJ did not provide
18 either clear and convincing reasons or specific and legitimate reasons
19 supported by substantial evidence in the record to explain his decision
20 to reject the opinions of the treating physician and the examining
21 physician. Accordingly, remand is appropriate for the ALJ to further
22 evaluate the medical evidence and to make appropriate findings.
23 *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)(remanding case
24 for reconsideration of treating physician's opinion).
25 \\
26 \\
27 \\
28 \\

**ORDER**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence.

Accordingly, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

Dated:  January 31, 2006              */S/ Marc L. Goldman*

                                      _____
                                      Marc L. Goldman
                                      United States Magistrate Judge